Ken Liang (SBN 237027)
Kenzl Law Offices
1000 Roosevelt Suite 100
Irvine, CA 92620
Tel: 949-373-5525 Fax: 949-608-3432
kl@kenzl.com

Attorney for Plaintiff
YUEHAN QIU

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUEHAN QIU<br><br>an individual<br><br>        Plaintiff,<br><br>        vs.<br><br>ATLANTIC VENTURES LLC, an American<br><br>corporation; CAERVISION TECHNOLOGY<br><br>CENTER INC., an American corporation;<br><br>SUPER LOCAL MEDIA LLC, an American<br><br>Corporation; JACK ZHANG, an individual;<br><br>SEETO COMPANY, a Chinese corporation;<br><br><br>        Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES:<br><br>1) BREACH OF CONTRACT<br>2) FRAUD<br>3) NEGLIGENT<br>    MISREPRESENTATION<br>4) CONVERSION<br>5) COMMON COUNTS - MONEY<br>    HAD AND RECEIVED<br><br><br>JURY TRIAL DEMANDED |

        Plaintiff YUEHAN QIU, and for causes of actions against Defendants above-named,

and each of them, complain and allege as follows:

///

///

## GENERAL ALLEGATIONS

1.   Plaintiff Yuehan Qiu is, and at all times herein mentioned, a resident in the County of Riverside in the State of California.

2.   Defendant Atlantic Ventures LLC, an American corporation, located at 1 Pasquerilla Plaza, Suite 120S, Johnstown, PA, 15901.

3.   Defendant Caervision Technology Center Inc. (aka "CTCI"), an American corporation, is headquartered at 4539 Metropolitan Court, Frederick, MD, 21704 with an operations center located at 1 Pasquerilla Plaza, Suite 120, Johnstown, PA, 15901.

4.   Defendant Mr. Jack Zhang, an individual, working as a representative of CTCI.

5.   Defendant Super Local Media LLC, an American Corporation, located at 1 Pasquerilla Plaza, Suite 120J, Johnstown, PA 15901.

6.   Defendant Wenzhou Seeto Go Abroad Consultation Service, Co., Ltd., (aka "Seeto Company), a Chinese corporation, located at Floor 11, Xincheng Development Building, Wenzhou City, F4 325000, China.

## VENUE AND JURISDICTION

1.   Plaintiff hereby incorporate by this reference all prior allegations as though fully set forth hereinafter.

2.   Plaintiff Yuehan Qiu is a resident of the County of Riverside in the State of California. A substantial portion of the acts that gave rise to the present claims occurred in Riverside County. While in Riverside County, he contacted Defendants and made agreements regarding how to invest his money in the United States. Defendants contacted Plaintiff while Plaintiff was residing in Riverside County. Plaintiff and Defendants sent each other emails and made phone calls while Plaintiff resided in Riverside County. Plaintiff demanded the refund of his money while residing in Riverside.

3.   Defendants Caervision Technology Center, Inc. is a subsidiary of Caervision, an American company headquartered in Maryland. Defendant Atlantic Ventures LLC, an American corporation, has its principal place of business in Pennsylvania. Defendant Super Local Media, LLC, is also an American corporation with its principal place of business in Pennsylvania. Defendant Jack Zhang, an individual, resides in the State of Maryland. Seeto Company is a Chinese company headquartered in Wenzhou City, China.

4.   This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332. The aggregate amount in controversy is $500,000.00, in excess of the $75,000.00 minimum requirement. Additionally, the party diversity requirement is satisfied - Defendants have principal places of business or are citizens of states different from the from the citizenship state of the Plaintiff. Pursuant to 28 U.S.C. §1367(a) the court has supplemental subject matter jurisdiction over all other claims that so relate to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.   The Court has general and/or specific personal jurisdiction over each of the Defendants. The State of California's long-arm statute, California Code of Civil Procedure §410.10 permits the exercise of personal jurisdiction on any basis not inconsistent with the California Constitution or the Constitution of the United States.

6.   This Court has personal jurisdiction over all the aforementioned Defendants because a substantial portion of the unlawful conduct that gave rise to these claims occurred in California.

7.   Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b)(2) in that a substantial portion of the unlawful conduct that gave rise to these claims occurred in the Central District of California.

**STATEMENT OF FACTS**

8.   Plaintiffs here by incorporate by this reference all prior allegations as though felly set forth hereinafter.

9.   In the beginning of 2011, Plaintiff participated in an immigration promotion held by Seeto Company regarding an investment in the U.S. under Employment Benefit category number 5 (EB-5).  This investment required Plaintiff to invest at least $500,000 and employ 10 employees in the U.S., and in exchange, Plaintiff would become eligible for a U.S. Green Card.

10. On March 17, 2011, Plaintiff signed a contract with Seeto Company to begin investment for the purpose of acquiring the EB-5 Visa and Green Card. See Ex. A.

11. In May of 2011, Atlantic Venture LLC was registered in the United States with Plaintiff as the primary investor of this LLC. See Ex. B.

12. On June 2, 2011, Plaintiff signed an investment contract and a contract to set up the joint-venture company Atlantic Venture LLC with Jack Zhang, as representative of Caervision Company. See Ex. C.

13. On June 28, 2011, Atlantic Venture LLC signed the Joint Venture Agreement, copartnering with Caervision Company. Mr. Jack Zhang from Caervision signed a Joint Venture Agreement, including terms to refund the entire investment to Plaintiff if the EB-5 petition failed. Plaintiff signed the agreement. See Ex. C

14. On June 28, 2011, Defendant Mr. Zhang authorized the establishment of the co-partnership by signing the Joint Venture Agreement. See Ex. C

15. From July 25, 2011 to August 12, 2011, Plaintiff transferred $500,000 to Seeto Company. He also transferred $30,200 fund issuing fee to Seeto Company. See Ex. E.

16. For the next few years neither Mr. Zhang nor Caervision nor Super Local Media LLC, gave an accounting of where the money went. Defendants were also silent on whether the temporary employees were hired.

17. On October 18, 2013, Plaintiff signed an Authorization Letter to request that Atlantic Venture LLC send all their financial records and bank statements to Plaintiff. Plaintiff never received any of the documents he requested.

18. None of the Defendants provided any indication that the $500,000.00 was used to invest in a company with at least ten employees, as required by the EB-5 petition.

19. Sometime between November 2013 and April 2014, Plaintiff asked Seeto Company to close his EB-5 case. Plaintiff also asked Caervision to refund all of his investment per contract. Plaintiff and Defendants signed a refund agreement. At that time, it was clear to Plaintiff that Caervision did not properly invest his money and was not creating any jobs.

20. Plaintiff made numerous requests, both verbally and written, for Caervision to refund his investment. Caervision responded each time through Jack Zhang that he would make the refund, but that he needed more time. Mr. Zhang never stated why he needed more time or why he would not make the refund.

21. Defendants Jack Zhang and Caervision made numerous representations that they would refund the $500,000 investment. However, they never refunded any money and Plaintiff never reclaimed his $500,000 investment.


<u>FIRST CAUSE OF ACTION</u>

(Breach of Contract)

Against all Defendants

22. Plaintiff realleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth herein in full.

23. On March 17, 2011, Plaintiff entered into a written agreement with Defendants.

24. The material terms were that: Defendants had a duty to assist Plaintiff in his EB-5 immigration petition; Plaintiff invested $500,000.00 plus cost; refund Plaintiff's investment if Defendants were unsuccessful in Plaintiff's EB-5 petition.

25. Plaintiff has at all times performed the terms of the contract in the manner specified.

26. Defendants materially breached the contract by failing to refund Plaintiff's $500,000.00 investment once the EB-5 petition failed.

27. As a direct legal and proximate result of the Defendants' breach, Plaintiff has suffered damages in the amount of $500,000.

SECOND CAUSE OF ACTION

(Fraud)

Against All Defendants

28. Plaintiff realleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth herein in full.

29. On or about March 2011, Defendants falsely and fraudulently represented to Plaintiff the following: that they would invest Plaintiff's money in a venture that could create 10 jobs; and be able to refund Plaintiff's investment money if Plaintiff's EB-5 petition was unsuccessful.

30. The representations made by Defendants were in fact false. First, Defendants did not invest in a venture that could create at least 10 jobs. Second, Defendants did not refund Plaintiff's money once the EB-5 petition was unsuccessful.

31. When Defendants made the contract to Plaintiff, Defendants knew the terms of the contract were false.  Defendants made the contract with the intent to defraud and deceive Plaintiff.

32. Defendants intended to induce Plaintiff to transfer the $500,000.00 to Defendants.

33. Plaintiff, at the time these representations were made, and at the time Plaintiff transferred the money to Defendants, was ignorant of the falsity of these representations, and believed them to be true.

34. Plaintiff, at the time these representations were made, could not have discovered, in exercise of reasonable diligence, that the representations were in fact false.

35. In reliance on the representations made by the Defendants, Plaintiff was induced to, and in fact did, transfer Five Hundred Thousand Dollars ($500,000.00). Had Plaintiff known the true facts and/or intentions of Defendants, Plaintiff would not have transferred this sum of money.

36. As a direct, legal, and proximate result of Defendants actions, Plaintiff has been damaged in the sum of Five Hundred Thousand Dollars ($500,000.00).

37. In doing the acts herein alleged, Defendants, and each of them, have acted with oppression, fraud, and malice. Such conduct constitutes wanton, willful, and despicable conduct that shocks the conscience of ordinary individuals thereby warranting the imposition of punitive damages.


THIRD CAUSE OF ACTION

(Negligent Misrepresentation)

Against All Defendants

38. Plaintiff realleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth herein in full.

39. The representations made by Defendants were in fact false. There was no way Defendants could guarantee that Plaintiff would receive his Green Card. Secondly, Defendants represented to Plaintiff that they would be able to return Plaintiff's investment

money should the application fail, knowing full well that the money would not be recoverable.

40. At the time the representations from Defendants were made to Plaintiff, Defendants knew them to be false and were made with the intent to defraud and deceive Plaintiff, and with the intent to induce Plaintiff to act in the manner herein alleged.

41. In reliance on the representations made by the Defendants, Plaintiff was induced to, and in fact did, transfer Five Hundred Thousand Dollars ($500,000.00). Had Plaintiff known the true facts and/or intentions of Defendants, Plaintiff would not have transferred this sum of money.

42. As a direct, legal, and proximate result of Defendants actions, Plaintiff has been damaged in the sum of Five Hundred Thousand Dollars ($500,000.00).

FOURTH CAUSE OF ACTION

(Conversion)

Against All Defendants

43. Plaintiff realleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth herein in full.

44. Plaintiff is, and at all times relevant herein was, the owner of the sum of Five Hundred Thousand US Dollars ($500,000.00) that were apportioned for the purpose of securing an EB-5 application for Plaintiff.

45. Defendants wrongfully interfered with Plaintiff's interests in the above-described property by failing to refund the money when requested by Plaintiff upon cancellation of Plaintiff's EB-5 application.

46. As a direct and proximate cause of Defendants' act of conversion, Plaintiff has been damaged in the sum to be proven at trial, including all compensatory damages. Plaintiff is

entitled to damages and repossession of the converted property. Furthermore, Plaintiff is entitled to compensation for the time and money expended in pursuit of the converted property.

FIFTH CAUSE OF ACTION

(Common Counts – Money Had and Received)

Against All Defendants

47.  Plaintiff realleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth herein in full.

48. Since 2013, Defendants became indebted to Plaintiff to the sum of FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS ($500,000.00) for money had and received by Defendants, and each of them.

49. Neither the whole nor part of this sum has been repaid, although repeated demands have been made.

50. To date, Defendants owe a balance of FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS ($500,000.00).

**REQUEST FOR RELIEF**

51. WHEREFORE, Plaintiff prays for judgment against all defendants for all causes of action, as follows:

    a.   For damages in the sum of Five Hundred Thousand US Dollars ($500,000.00);

    b.   For damages and repossession of converted property;

    c.   For compensation for the time and money expended in pursuit of the converted property;

d.   For interest accrued on the money to be refunded at 10% per annum;

e.   For punitive damages in accordance with Defendants' fraudulent behavior;

f.   For the recovery of any attorney's fees associated with these causes of action;

g.   Any and all other relief that the court deems proper.

Date: April 8, 2015

            ____/s/ Ken Liang_____
            Ken Liang (SBN 237027)
            Kenzl Law Offices
            1000 Roosevelt suite 100
            Irvine, CA 92620