UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUEHAN QIU,<br><br>           Plaintiff,<br><br>    vs.<br><br>ATLANTIC VENTURES, LLC, ET AL,<br><br>           Defendants. | Case No. EDCV 15-00685-DTB<br><br>ORDER TO SHOW CAUSE |

    Plaintiff filed this Complaint on April 8, 2015, after prepaying the full filing fee. Per the Notice to Counsel filed April 9, 2015, plaintiff was advised that service of the Complaint was to be made in accordance with Central District of California Local Rule ("Local Rule") 4-2.

    Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of [Federal Rules of Civil Procedure Rule] 4(I). Service should be promptly made;

unreasonable delay may result in dismissal of the action under Local Rule 41 and [Federal Rules of Civil Procedure] Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

Pursuant to Federal Rules of Civil Procedure Rule 4(m), service of the Summons and Complaint must be accomplished on each named defendant within 120 days after the filing of the Complaint. The 120-day period expired on August 6, 2015. Plaintiff was warned that the failure to effectuate proper service by that date might result in the dismissal of this action under Local Rule 41 and Federal Rules of Civil Procedure Rule 4(m).

To date, no proofs of service have been filed, and therefore it appears that none of the named defendants has been served. Accordingly, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 41-1,

IT IS ORDERED that, within thirty (20) days of the date of this Order, plaintiff shall show good cause, if there be any, why service was not made within the 120-day period and why this case should not be dismissed without prejudice for want of prosecution. Plaintiff shall attempt to show such cause by filing a declaration, signed under penalty of perjury. **If plaintiff does not timely file such a declaration or if plaintiff fails to show good cause for failure to timely serve, the Court will recommend that the action be dismissed without prejudice for plaintiff's failure to prosecute.** See Rule 4(m) of the Federal Rules of Civil Procedure; Local Rule 41-1; Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); see also Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

DATED: August 20, 2015

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE