UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YUEHAN QIU, | ) | Case No. EDCV 15-00685-DTB |
| Plaintiff, | ) | |
| | ) | ORDER SUMMARILY DISMISSING |
| vs. | ) | ACTION WITHOUT PREJUDICE |
| | ) | |
| ATLANTIC VENTURES, LLC, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action on April 8, 2015, after prepaying the full filing fee. Per the Notice to Counsel filed April 9, 2015, plaintiff was advised that service of the Complaint was to be made in accordance with Central District of California Local Rule ("Local Rule") 4-2.

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of [Federal Rules of Civil Procedure Rule] 4(I). Service should be promptly made;

1

1 unreasonable delay may result in dismissal of the action under Local
2 Rule 41 and [Federal Rules of Civil Procedure] Rule 4(m) of the Federal
3 Rules of Civil Procedure. Proof of service or a waiver of service of
4 summons and complaint must be filed with the court.

Pursuant to Federal Rules of Civil Procedure Rule 4(m), service of the Summons and Complaint must be accomplished on each named defendant within 120 days after the filing of the Complaint. The 120-day period expired on August 6, 2015. Plaintiff was warned that the failure to effectuate proper service by that date might result in the dismissal of this action under Local Rule 41 and Federal Rules of Civil Procedure Rule 4(m).

As plaintiff had failed to effectuate proper service, the Court issued an Order to Show Cause on August 20, 2015, ordered plaintiff to show cause, if there be any, why service was not made within the 120-day period and why this case should not be dismissed without prejudice for want of prosecution. Plaintiff was advised to show cause by filing a declaration, signed under penalty of perjury. Plaintiff was admonished that should plaintiff fail to timely file such a declaration or if plaintiff failed to show good cause for failure to timely serve, the Court would recommend that the action be dismissed without prejudice for plaintiff's failure to prosecute. See Rule 4(m) of the Federal Rules of Civil Procedure; Local Rule 41-1; Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); see also Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

///
///
///
///
///
///

As of this date, plaintiff has failed to file a declaration in response to the Order to Show Cause. As plaintiff has failed to respond to the Court's Order to Show Cause, within the time allotted, the Court hereby DISMISSES this action, without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 10/20/15

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge